IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **EDITH LOPEZ,** an individual, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: |
| | : | |
| v. | : | |
| | : | |
| **SENSIO, INC. d/b/a BELLA**, | : | |
| a Canadian Corporation, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, **EDITH LOPEZ** ("Plaintiff") by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC,** hereby submits the following Complaint and Demand for Jury Trial against Defendant **SENSIO, INC. d/b/a BELLA**, alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant Bella designs, manufactures, markets, imports, distributes and sells consumer kitchen products, including the subject "Bella 5qt Pressure Cooker," which specifically includes the Model Number JY-PC20US-5P (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

2. Defendant Bella boasts that it's pressure cookers feature an "[e]xtremely safe and secure locking system"[1] or "safety valve" which creates "added safety and control" and allows the consumer to "cook a variety of foods."[2] Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party

---

[1] *See* https://bellahousewares.com/products-bella/5qt-pressure-cooker/ (last accessed November 1, 2020).
[2] *Id.*

1

retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

4. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. As a direct and proximate result of Defendant Bella's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

**PLAINTIFF EDITH LOPEZ**

6. Plaintiff is a resident and citizen of the city of Clifton, County of Passaic, State of New Jersey.

7. On or about June 5, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and

onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety valve,"[3] which purports to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT SENSIO, INC. d/b/a BELLA

8. Defendant Bella designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, juicers, coffee makers, and air-fryers, amongst others.

9. Defendant Bella is a Canadian Corporation, with a principal place of business located at 610 East River Road, STE 260, New Glasgow, Nova Scotia B2H 3S2.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the New Jersey and intentionally availed itself of the markets within New Jersey through the promotion, sale, marketing, and distribution of its products.

---

[3] *See generally* Bella 5qt Pressure Cooker Model No. JY-PC20US-5P Owner's Manual, attached hereto as Exhibit A an incorporated by reference.

## FACTUAL BACKGROUND

12. Defendant Bella is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

13. Defendant Bella boasts that it's pressure cookers feature an "[e]xtremely safe and secure locking system"[4] or "safety valve" which creates "added safety and control" and allows the consumer to "cook a variety of foods."[5] Defendant Bella also claims that the "Bella 6Qt pressure cooker is the latest generation multi-use kitchen appliance"[6] and that it features a "unique pressure release button to quickly expel pressure" to purportedly protect the user from hot steam.

14. According to the Owner's Manual accompanying each individual unit sold, the pressure cookers feature a "safety valve" which purportedly keeps the lid from the pressure cooker from opening once pressurize. Specifically:

   a. WHEN COOKING UNDER PRESSURE, THE PRESSURE COOKER CANNOT BE OPENED ONCE PRESSURE IS REACHED. DO NOT TRY TO FORCE THE LID OPEN. [7]

15. By reason of the forgoing acts or omissions, the above-named Plaintiff and her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

16. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant Bella.

---

[4] *See* https://bellahousewares.com/products-bella/5qt-pressure-cooker/ (last accessed November 1, 2020).
[5] *Id.*
[6] *Id.*
[7] *See* Bella 5qt Pressure Cooker Model No. JY-PC20US-5P Owner's Manual, pg.6.

17. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant Bella in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

18. Defendant Bella's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

19. Further, Defendant Bella's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

20. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

21. Defendant Bella knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant Bella continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of their pressure cookers.

22. As a direct and proximate result of Defendant Bella's concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

23. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant Bella's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### COUNT ONE
### PURSUANT TO THE NEW JERSEY PRODUCTS LIABILITY ACT
### (N.J.S.A. §2A:58C-1 et. seq.)

24. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

25. This Count is brought pursuant to N.J.S.A. §2A:58C-1 et. seq., the New Jersey Products Liability Act.

26. At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

27. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

28. Defendant, under all applicable laws including, but not limited to, the New Jersey Products Liability Act, N.J.S.A. §2A:58C-1 *et. seq*. is liable unto Plaintiff for her injuries and damages for designing, manufacturing, assembling, marketing, distributing, and/or selling the aforesaid pressure cooker that was unreasonably dangerous in construction or composition, in design, because inadequate warnings about the product had not been provided, and/or because the pressure cooker did not conform to the implied and express warranties of the manufacturer about this product.

29. Specifically, Defendant's pressure cookers are unreasonably dangerous due to the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff, as it did in this case.

30. Further, a reasonable consumer, including Plaintiff, would not have reason to expect that the subject pressure cooker would retain pressure despite the appearance that all pressure had been released, would not be able detect any such defect, and would not have any knowledge as to how to prevent such an incident occurring.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper

## JURY TRIAL DEMANDED

31. Plaintiff is entitled to and demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demand judgment against the Defendant as follows:

A. On the **FIRST CAUSE OF ACTION,** compensatory damages, interest, attorneys' fees, costs of suit and any such other relief as the Court deems just and proper.

                                        Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

Date: May 18, 2022                  */s/ Marc Grossman, Esq.*
                                                Marc Grossman, Esq.
                                                100 Garden City Plaza, Suite 500
                                                Garden City, NY 11530
                                                516-741-5600 / 516-741-0128 (fax)
                                                mgrossman@milberg.com

                                        *In association with:*

**JOHNSON BECKER, PLLC**

                                        Adam J. Kress, Esq.
                                        *Pro Hac Vice to be filed*
                                        444 Cedar Street, Suite 1800
                                        St. Paul, MN 55101
                                        (612) 436-1800
                                        akress@johnsonbecker.com

                                        ***Attorneys for Plaintiff***